# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Civil Action No. 20-cv-01797-DDD

CRAIG SEBASTIAN ROBLEDO,

      Applicant,

v.

DEAN WILLIAMS,

      Respondent.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter is before the court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) filed *pro se* by Applicant Craig Sebastian Robledo. Mr. Robledo challenges the computation of his Colorado state prison sentences. On August 3, 2020, Respondent was ordered to show cause why the Application should not be granted. On September 2, 2020, Respondent filed a Return on Order to Show Cause (Doc. 14). On September 21, 2020, Mr. Robledo filed a Reply (Doc. 16). After reviewing the record before the court, including the Application, Return, and Reply, the court finds and concludes that the Application should be denied and the case dismissed with prejudice.

## BACKGROUND

Mr. Robledo is serving concurrent eight-year sentences, and he contends the Colorado Department of Corrections ("DOC") has failed to calculate his sentences

correctly. Mr. Robledo specifically asserts two claims in the Application. He contends in claim one that he is entitled to 160 days of good time and earned time credits for his good behavior during presentence confinement at the Jefferson County Jail prior to October 2016 that "were to be deducted or 'applied' toward [Mr. Robledo's] Parole Eligibility Date AND Mandatory Release Dates." (Doc. 1 at p. 2.) Mr. Robledo contends in claim two that the DOC has not calculated his sentences as one continuous sentence as required under Colorado state law and that his good behavior in a DOC facility from October 14, 2016 through July 4, 2017 "counts for nothing" because the DOC has not properly applied earned time credits to both sentences. (*Id.* at p. 3.) Mr. Robledo maintains that he should have had a parole hearing by November 2018 if his sentences had been calculated correctly but he was not seen by the parole board until March 2020. At that hearing the parole board declined to release Mr. Robledo on parole and deferred his parole application until March 2021. (*See* Doc. 14-1.)

Mr. Robledo seeks three forms of relief in the Application: (1) immediate release on parole; (2) an immediate award of 160 days of good time credits for his presentence confinement time; and (3) an immediate award of 80 days of earned time credits for the period from October 14, 2016, to July 4, 2017.

In December 2018, Mr. Robledo challenged the calculation of his parole eligibility date and the failure to award good time and earned time credits in a state habeas corpus petition filed in the Fremont County District Court. On September 2, 2019,

2

the Fremont County District Court entered an Amended and Corrected Order (Doc. 14-3) denying the petition because Mr. Robledo was not then entitled to immediate release. The Fremont County District Court also noted that it lacked jurisdiction to award good time and earned time credits. But the Fremont County District Court determined Mr. Robledo's parole eligibility date had not been calculated correctly and ordered the DOC to schedule a parole hearing "consistent with the parole eligibility date as established by the one continuous sentence mandate." (*Id.* at p.1.) As noted above, that hearing was held in March 2020, and the board declined to release Mr. Robledo. On April 22, 2020, the Colorado Supreme Court affirmed the Fremont County District Court's denial of the state habeas petition. (*See* Doc. 14-4.)

Respondent argues that any claim Mr. Robledo is asserting with respect to good time credits is moot and must be dismissed because Mr. Robledo has reached his parole eligibility date and has had a parole hearing. Respondent argues that any claim Mr. Robledo is asserting regarding earned time credits must be dismissed because Mr. Robledo has no right to a discretionary award of earned time credits.

Mr. Robledo presents new arguments in his Reply regarding the computation of his sentences that are not presented in the Application. Specifically, Mr. Robledo contends in the Reply that he "is not simply being deprived of Earned Time from (arrival) October 2016 to July of 2017" but is also "being deprived of ALL time served from October 2016 to August 23, 2017" and that "he is being deprived of all Good Time, Earned Time, and Time in jail from October of 2015 to August of 2017." (Doc.

3

16 at p. 2.) The new arguments in the Reply are not properly before the court and will not be addressed. *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 (10th Cir. 2009) (noting that "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief"). The court will instead address only the claims asserted in the Application that are outlined above.

## LEGAL STANDARD

The Court must construe the Application and other papers filed by Mr. Robledo liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court should not be an advocate for a *pro se* litigant. *See* Hall, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Robledo "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court construes the Application liberally as asserting federal constitutional due process claims.

## DISCUSSION

### I.    Claim One

Mr. Robledo contends in claim one that he is entitled to additional credits for his

good behavior during presentence confinement at the Jefferson County Jail prior to October 2016.[1] The court agrees with Respondent that claim one is moot.

The court only has the power to decide an actual case or controversy. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009). To satisfy the case or controversy requirement, Mr. Robledo must demonstrate he has suffered, or is threatened with, an actual injury that is traceable to Respondent and likely to be redressed by a favorable decision. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). If the Court finds that a claim is moot, it must dismiss the claim for lack of jurisdiction. *See, e.g., McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").

The Court notes initially that it is not clear whether Mr. Robledo is eligible for good time credits under Colorado law. Colorado law does provide that, for crimes committed on or after July 1, 1979, good time credits are to be deducted from an inmate's sentence. *See Ankeney v. Raemisch*, 344 P.3d 847, 850 (Colo. 2015). But in 1991, the Colorado legislature created a new statutory scheme for parole eligibility that also applies to offenders sentenced for crimes committed on or after July 1, 1979, which "abandoned the concept of good time altogether . . . and created an entirely new

---

1  Although Mr. Robledo refers to both good time and earned time credits in claim one, the court construes claim one as pertaining only to good time credits because the only relevant relief sought under claim one is an immediate award of 160 days of good time credits for his presentence confinement time.

formula for parole eligibility, making most felony offenders eligible after the service of fifty percent of the sentence imposed upon them, less earned time granted in accordance with the provisions of the new statutory scheme." *Id.* The 1990 scheme expressly excludes certain offenders, however. And the prior statutory scheme that includes good time credits continues to apply to those offenders excluded under the 1990 scheme. *See id.* at 851.

Regardless of which statutory scheme applies, claim one in the Application must be dismissed. If Mr. Robledo is serving sentences for which good time credits are not even applicable, any claim that he is entitled to good time credits plainly lacks merit. If he is serving sentences that make him eligible to earn good time credits, on the other hand, the claim is moot because good time credits under Colorado law are "not to be treated as the actual service of a sentence but merely serve[] to reduce the term before the completion of which an inmate would not be eligible for parole." *Id.* at 850.[2] In other words, good time credits can only reduce the amount of time an inmate must wait before having his first parole hearing. Because it is undisputed that Mr. Robledo has passed his parole eligibility date and has had a parole hearing, any claim pertinent to his request for additional good time credits that would further advance his parole eligibility date is moot.

---

2   This determination of state law by the Colorado Supreme Court "binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam).

6

## II.    Claim Two

Mr. Robledo's second claim regarding the computation of his sentences involves earned time credits rather than good time credits. As Respondent concedes, earned time credits apply to an inmate's mandatory release date under Colorado law, so claim two is not moot. But because Mr. Robledo has no right to a discretionary award of earned time credits his claim lacks merits and will be dismissed.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Robledo does not allege facts that implicate a protected interest in life or property, so his claim regarding earned time credits must depend upon the existence of a constitutionally protected liberty interest.

A liberty interest generally may arise from either the United States Constitution federal law, or state law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). But the Constitution itself does not create a protected liberty interest in a prisoner's release to parole prior to the expiration of a valid sentence. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam); *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). So if Mr. Robledo has been deprived of a constitutionally protected liberty interest, that liberty interest must arise under Colorado state law.

Colorado state law does not create a constitutionally protected liberty interest in earned time credits. "[T]he department of corrections retains the authority to grant or

deny the award of earned time credits under 17-22.5-405(3) 8A, C.R.S." *Meyers v. Price*, 842 P.2d 229, 231 (Colo. 1992). Under these circumstances, Mr. Robledo cannot demonstrate Colorado law has created a protected liberty interest. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009) (reaffirming that "a federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it" and that "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest"). As a result, Mr. Robledo's due process argument in claim two premised on the denial of earned time credits lacks merit and must be dismissed. To the extent claim one also may implicate earned time credits in addition to good time credits, that claim also lacks merit and must be dismissed for the same reason.

## III.    Immediate Release on Parole

Mr. Robledo also requests immediate release on parole, although he does not assert a specific claim challenging the parole board's decision denying him release on parole in March 2020. To the extent the Application can be construed as including a federal constitutional due process claim challenging the March 2020 denial of parole, that claim also lacks merit because Mr. Robledo cannot demonstrate he has a constitutionally protected liberty interest in a discretionary parole decision. *See id.*

### CONCLUSION

For the reasons stated herein, it is ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DENIED, and this case is

8

DISMISSED WITH PREJUDICE. It is further ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED: November 2, 2020                    BY THE COURT:

Hon. Daniel D. Domenico
United States District Judge